UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GOODWILL, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. 2:23-cv-01700-RSL<br><br>ORDER REQUIRING A MORE DEFINITE STATEMENT |

On November 7, 2023, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. Plaintiff names as defendants Goodwill and three of its employees, S.C.O.R.E. Jail and Captain Al Ervin, the Department of Corrections ("DOC"), and Corrections Officer Victor Tuli. In addition to vague and unspecified allegations of terrorism, hate crimes, and statutory/constitutional violations, plaintiff alleges that:

● On August 8, 2023, Goodwill store employees erroneously accused him of violating a trespass order;[1]

---

[1] Plaintiff alleges that he spoke with Goodwill's customer service representative Shay Allen on September 29, 2023, and that she confirmed that he had not trespassed, that the manager of the Goodwill store was David Nguyen, and that the Assistant Manager was Kayla Snellgrove.

ORDER REQUIRING A MORE DEFINITE STATEMENT - 1

- The responding officers erroneously excluded him from the Goodwill store and then arrested him in response to a DOC warrant;

- The responding officers "fondled my pockets and back pants pockets like some perverts" (Dkt. # 5 at 3);

- Plaintiff was "human trafficked" to S.C.O.R.E. Jail where he was subjected to a violation of the Prison Rape Elimination Act ("PREA") when "three male officers . . . sexually abused [plaintiff's] body, . . . buttocks, . . . genital area" (Dkt. # 5 at 3);

- Defendant Al Ervin determined that plaintiff's PREA complaints were unfounded;

- The handcuffs plaintiff was wearing were tight and abraded his wrist;

- Plaintiff was subjected to "13 days illegal confinement" at S.C.O.R.E. Jail before being transported to DOC on August 21, 2023 (Dkt. # 5 at 3); and

- DOC Officer Victor Tuli refused to "cooperate and investigate" when plaintiff told him that he was not under DOC supervision and had filed habeas petitions in the Western District of Washington (Dkt. # 5 at 3-4).

Based on these allegations, plaintiff asserts claims under 42 U.S.C. § 1983, requests that the individual defendants be referred for prosecution, and demands $99 billion in damages.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

ORDER REQUIRING A MORE DEFINITE STATEMENT - 2

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555.

Almost all of plaintiff's allegations are so conclusory that defendants - and the Court - would have to guess what acts they are supposed to have committed and how those acts give rise to a § 1983 claim. Plaintiff's allegation of human trafficking, for example, appears to be based on his transportation to jail on a DOC warrant, and his allegations of PREA violations appear to be entirely consistent with legitimate booking procedures. A complaint fails to raise a plausible inference of liability where the facts alleged describe both lawful and unlawful conduct: in those circumstances, a claim for relief may be possible, but it is not plausible. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). Similarly, it is impossible to infer that plaintiff has a right to relief based on nothing more than a request for police assistance, an arrest pursuant to a DOC warrant, a determination that a complaint is unfounded, and/or a failure to act upon

ORDER REQUIRING A MORE DEFINITE STATEMENT - 3

knowledge that a habeas petition had been filed. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

    2. To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 against Goodwill, Shay Allen, David Nguyen, and Kayla Snellgrove, he has not alleged state action in support such a claim. (Nor has he identified any "bad" acts on the part of the individual defendants.)

    For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but the allegations of the complaint are too vague and conclusory to give rise to an inference of unlawful conduct. Plaintiff is hereby ORDERED to file on or before December 19, 2023, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing sufficient facts from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

ORDER REQUIRING A MORE DEFINITE STATEMENT - 4

1. The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, December 22, 2023.

Dated this 8th day of November, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE DEFINITE STATEMENT - 5